# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WEST BEND INSURANCE COMPANY,

        Plaintiff,

v.

HEIGHTS CREMATORY, INC., CLARK MORGAN, JOHANNA MORGAN, DARLA SMITH, ANTHONY BOBALIK, JULIE JACOBEK, BO DANIELS, CHARLOTTE MARIANI, NANCY BLASKE, GEORGENNA MILLER, ADAM KROGUL, SHANNON GNIADEK, RONALD KEY, JONATHAN KABELLA, TRACY ALLUMS, IVY MCCARTER, WREN WILLIAMS, KEN GRZYB, KATIE SULLIVAN, COURTNEE BOCHENEK, CINDY STRAUSBAUGH, KURT SUMMERS, CHRISTY MORRIS, BRANDI O'REILLY, ASHLY THALMANN, DAN SPANLEY, SHYANNE ROTH, STACEY GRAVES, ROBERT MIHALICH, LISA WEYHE, LAUREN SORIANO, MARIE CRIST, ROSE LIAPIS, THOMAS ORSINI, VICKI SWING, TABITHA MATHIS, MICHELLE SPARACIO, and TABITHA PICCHI,

        Defendants.

Case No. 1:25-cv-10059

---

Jason R. Fathallah (WI 1060040)
HUSCH BLACKWELL LLP
Attorney for Plaintiff
511 North Broadway, Ste. 1100
Milwaukee, WI 53202
(414) 273-1000
jason.fathallah@huschblackwell.com

## **COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff West Bend Insurance Company ("West Bend"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

## **NATURE OF ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant Heights Crematory, Inc. does not provide coverage to Defendants Heights Crematory, Inc., Clark Morgan, or Johanna Morgan (collectively, "Heights") for the claims asserted in any of the cases identified in Exhibit A (collectively, the "Underlying Actions") and that therefore (2) West Bend has no duty to defend or indemnify Heights against the claims asserted in the Underlying Actions. A true and accurate copy of the operative complaints in the Underlying Actions is attached hereto as Exhibit B.

## **PARTIES**

2. West Bend is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

3. Defendant Heights is an Illinois citizen and a corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago Heights, Cook County, Illinois.

4. Defendant Clark Morgan is an Illinois citizen residing in Cook County, Illinois and one of the owners of Heights.

5. Defendant Johanna Morgan is an Illinois citizen residing in Cook County, Illinois and one of the owners of Heights.

6. Defendant Darla Smith is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

7. Defendant Anthony Bobalik is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

8. Defendant Julie Jacobek is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

9. Defendant Bo Daniels is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

10. Defendant Charlotte Mariani is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

11. Defendant Nancy Blaske is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

12. Defendant Georgenna Miller is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

13. Defendant Adam Krogul is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

14. Defendant Shannon Gniadek is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

15. Defendant Ronald Key is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

16. Defendant Jonathan Kabella is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

17. Defendant Tracy Allums is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

18. Defendant Ivy McCarter is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

19. Defendant Wrenn Williams is an Illinois citizen residing in Cook County, Illinois and is a Plaintiff in one of the Underlying Actions.

20. Defendant Ken Grzyb is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

21. Defendant Katie Sullivan is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

22. Defendant Courtnee Bochenek is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

23. Defendant Cindy Strausbaugh is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

24. Defendant Kurt Summers is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

25. Defendant Christy Morris is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

26. Defendant Brandi O'Reilly is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

27. Defendant Ashly Thalmann is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

28. Defendant Dan Spanley is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

29. Defendant Shyanne Roth is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

30. Defendant Stacey Graves is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

31. Defendant Robert Mihalich is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

32. Defendant Lisa Weyhe is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

33. Defendant Lauren Soriano is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

34. Defendant Marie Crist is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

35. Defendant Rose Liapis is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

36. Defendant Thomas Orsini is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

37. Defendant Vicki Swing is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

38. Defendant Tabitha Mathis is an Illinois citizen residing in Cook County, Illinois and is a Plaintiff in one of the Underlying Actions.

39. Defendant Michelle Sparacio is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

40. Defendant Tabitha Picchi is an Illinois citizen residing in Cook County, Illinois and is a Plaintiff in one of the Underlying Actions.

41. Defendants Darla Smith, Anthony Bobalik, Julie Jacobek, Bo Daniels, Charlotte Mariani, Nancy Blaske, Georgenna Miller, Adam Krogul, Shannon Gniadek, Ronald Key, Jonathan Kabella, Tracy Allums, Ivy McCarter, Wren Williams, Ken Grzyb, Katie Sullivan, Courtnee Bochenek, Cindy Strausbaugh, Kurt Summers, Christy Morris, Brandi O'Reilly, Ashly Thalmann, Dan Spanley, Shyanne Roth, Stacey Graves, Robert Mihalich, Lisa Weyhe, Lauren Soriano, Marie Crist, Rose Liapis, Thomas Orsini, Vicki Swing, Tabitha Mathis, Michelle Sparacio, and Tabitha Picchi are referred to collectively as the "Underlying Plaintiffs".

## JURISDICTION AND VENUE

42. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

43. This Court has power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

44. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

45. The Underlying Actions allege that a family member of each of the Underlying Plaintiffs passed away between May of 2020 and February of 2025, after which each of the

Underlying Plaintiffs entered into a contract with either Crown Cremation Service, LLC ("Crown") or Castle Hill Funeral Home, LLC ("Castle Hill"), each an Indiana-based entity providing cremation services, and entrusted their family member's body to either Crown or Castle Hill.

46. The contract between the Underlying Plaintiffs and Crown or Castle Hill provided that the family member's body would be properly cremated within five to seven days.

47. Crown or Castle Hill thereafter subcontracted with Heights for the cremation of the respective Underlying Plaintiff's family member.

48. The Underlying Actions allege that Heights improperly stored the body in a sheet or bag with more than one hundred other bodies, inconsistent with industry standards.

49. The Underlying Actions further allege that the cremation of the body did not take place until outside of the contractual time period, leading the Underlying Plaintiffs to question whether they received remains belonging to their family member.

50. The Underlying Actions allege negligence and outrage against Heights, alleging that Heights' conduct in failing to properly, timely, and respectfully dispose of the bodies was negligent, outrageous, and in violation of Indiana and Illinois statutes and regulations.

51. The Underlying Actions also allege that Underlying Plaintiffs are third-party beneficiaries of the Crown/Castle Hill-Heights subcontract allegedly breached by Crown or Castle Hill and therefore demand judgment against Heights for the contractual breach.

52. The Underlying Plaintiffs allege that they have suffered emotional distress and trauma and demands compensatory and punitive damages against Heights.

53. West Bend issued Businessowners Commercial Policy No. A901126 to Heights Crematory, Inc. for consecutive policy periods beginning April 4, 2021 to April 26, 2025 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit C.

54. Pursuant to the Policy, Heights tendered the defense of the Underlying Actions to West Bend.

55. West Bend accepted the tender and is providing a defense to Heights in the Underlying Actions.

56. The Underlying Actions remain pending, and discovery is ongoing.

57. West Bend now seeks declaratory judgment that the Policy does not provide coverage to Heights for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend or indemnify Heights against the claims asserted in the Underlying Actions.

58. An actual controversy has arisen and now exists concerning West Bend's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

## THE WEST BEND POLICY

59. The Policy contains a Businessowners - Business Liability coverage form which provides in relevant part as follows:

**BUSINESSOWNERS COVERAGE FORM**

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any

"suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

***

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

***

    **a.  Expected or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

***

    **j. Professional Services**

    "Bodily injury", "property damage", or "personal and advertising injury" caused by the rendering or failure to render any professional service.

    **k. Damage to Property**

    "Property damage" to:

***

        (4) Personal property in the care, custody or control of the insured.

***

    **F. Liability and Medical Expenses Definitions**

9

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

## ILLINOIS – FUNERAL DIRECTORS PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**Section II – Liability** is amended as follows:

A. For the insurance provided by this endorsement, all provisions under Paragraph **A.1. Business Liability** will also apply to injuries described in Paragraph **B.** below.

B. Paragraph **A. Coverages** also applies to "bodily injury", "property damage", "personal and advertising injury" or other injury arising out of the rendering of or failure to render professional services as a funeral director, but only in connection with the insured's business.

C. With respect to the coverage provided by this endorsement, Paragraph **B. Exclusions** is amended as follows:

\*\*\*

2. The following Exclusions do not apply:

   a. Paragraph 1.j. Professional Services;
   b. Paragraph 1.k.(4) Damage to Property to "property damage" to dead bodies, any casket, urn or other container for a dead body or its cremated remains or the personal

10

effects of a deceased person while in the care, custody or control of the insured, unless such "property damage" is caused by theft or "hostile fire".
  c. Paragraph 1.k.(6) Damage to Property;

***

3. The following Exclusion is added:

This insurance does not apply to:

"Bodily injury", "property damage", "personal and advertising injury" or other injury arising out of a criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

***

**F.** For the coverage provided by this endorsement, the definition of "occurrence" in Paragraph **F. Liability And Medical Expenses Definitions** is amended to include any act or omission arising out of the rendering of or failure to render professional services as a funeral director, but not acts or omissions included within the definition of "personal and advertising injury".

***

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying

11

insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

***

**2. Exclusions**

This insurance does not apply to:

***

s. **Professional Services**

"Bodily injury" or "property damage" due to rendering of or failure to render any professional services. This includes but is not limited to:

(13) Handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

***

## FIRST CLAIM

60. West Bend realleges and incorporates by reference Paragraphs 1-59 as if fully set forth herein.

61. The Policy's Businessowners Business Liability coverage form provides coverage only for "bodily injury" or "property damage" as defined in the Policy.

62. The Underlying Actions allege that the Underlying Plaintiffs have suffered emotional distress and trauma.

12

63. The Underlying Actions do not allege "bodily injury" or "property damage" as those terms are defined in the Policy.

64. Because the Underlying Actions do not allege that the Underlying Plaintiffs have suffered "bodily injury" or "property damage" as those terms are defined by the Policy, the Businessowners Business Liability coverage form does not provide coverage to Heights for the claims alleged in the Underlying Actions.

## SECOND CLAIM

65. West Bend realleges and incorporates by reference Paragraphs 1-64 as if fully set forth herein.

66. The Policy's Businessowners Business Liability coverage form provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined in the Policy.

67. The Underlying Actions allege that the Underlying Plaintiffs have suffered emotional distress and trauma as a result of intentional acts or inactions by Heights.

68. Accordingly, the Underlying Actions do not allege an "occurrence" as that term is defined in the Policy.

69. Because the Underlying Actions do not allege that the Underlying Plaintiffs' alleged injury has been caused by an "occurrence", as that term is defined by the Policy, the Businessowners Business Liability coverage form does not provide coverage to Heights for the claims alleged in the Underlying Actions.

## THIRD CLAIM

70. West Bend realleges and incorporates by reference Paragraphs 1-69 as if fully set forth herein.

71. The Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms each contain an Expected or Intended exclusion.

72. This exclusion precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

73. The Underlying Actions allege that Heights' methods of storing bodies and cremation were inconsistent with industry standards and the contractual time period, leading Underlying Plaintiffs to question whether they received remains belonging to their respective loved one.

74. Heights' actions and/or inactions could reasonably be expected to result in the Underlying Plaintiffs' alleged emotional distress and trauma.

75. To the extent the Underlying Plaintiffs' alleged damages were expected or intended by Heights, coverage is precluded by the Expected or Intended exclusion in the Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms.

**FOURTH CLAIM**

76. West Bend realleges and incorporates by reference Paragraphs 1-75 as if fully set forth herein.

77. The Policy's Businessowners Business Liability coverage form contains a Professional Services exclusion.

78. This exclusion precludes coverage for "bodily injury" caused by the rendering or failure to render any professional service.

79. The Underlying Actions allege that Heights improperly stored the bodies and failed to cremate within the contractually-required period.

80. Storage and cremation of bodies constitute professional services.

14

81. To the extent the Underlying Plaintiffs' alleged damages were caused by Heights' rendering or failure to render any professional service, coverage is precluded by the Policy's Businessowners Business Liability coverage form.

## FIFTH CLAIM

82. West Bend realleges and incorporates by reference Paragraphs 1-81 as if fully set forth herein.

83. The Policy's Commercial Liability Umbrella coverage form contains a Professional Services exclusion.

84. This exclusion precludes coverage for "bodily injury" caused by the rendering or failure to render any professional service, including "handling, embalming, disposal, burial, cremation, or disinterment of dead bodies".

85. The Underlying Actions allege that Heights failed to handle and/or cremate the body consistent with industry standards.

86. Handling and/or cremation of bodies is a professional service as defined by the Policy.

87. Because the Underlying Actions allege that the Underlying Plaintiffs' damages were caused by the rendering or failure to render a professional service, the Commercial Liability Umbrella coverage form does not provide coverage to Heights for the claims alleged in the Underlying Actions.

## SIXTH CLAIM

88. West Bend realleges and incorporates by reference Paragraphs 1-87 as if fully set forth herein.

89. The Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms each contain a Damage to Property Exclusion.

90. This exclusion precludes coverage for damage to personal property in the care, custody, or control of the insured.

91. To the extent Plaintiff's alleged damages were caused by Heights' damage to personal property in the care, custody, or control of Heights, coverage for the claims in the Underlying Actions is precluded by the Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms.

## **SEVENTH CLAIM**

92. West Bend realleges and incorporates by reference Paragraphs 1-91 as if fully set forth herein.

93. The Policy's Businessowners Coverage Form contains a Funeral Directors Professional Liability endorsement.

94. This endorsement expands the Business Liability coverage of the Businessowners Coverage Form to include "bodily injury", "property damage", "personal and advertising injury" or other injury arising out of the rendering of or failure to render professional services as a funeral director, but only in connection with the insured's business.

95. Because the Underlying Actions allege that Plaintiff's alleged damages were caused by Heights' actions other than the rendering of professional services as a funeral director, the Funeral Directors Professional Liability endorsement does not provide coverage to Heights for the claims alleged in the Underlying Actions.

**EIGHTH CLAIM**

96. West Bend realleges and incorporates by reference Paragraphs 1-95 as if fully set forth herein.

97. The Policy's Funeral Directors Professional Liability endorsement contains a Criminal Acts exclusion.

98. This exclusion precludes coverage for "bodily injury" and "property damage" arising out of a criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

99. The Underlying Actions allege that Heights failed to comply with industry standards, and that Heights has since been closed by State of Illinois investigators.

100. To the extent Plaintiff's alleged damages arise from a criminal act by Heights, the Criminal Acts exclusion precludes coverage under Funeral Directors Professional Liability endorsement to Heights for the claims alleged in the Underlying Actions.

**NINTH CLAIM**

101. West Bend realleges and incorporates by reference Paragraphs 1-100 as if fully set forth herein.

102. The Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms each contain an Other Insurance condition.

103. This condition provides that any insurance coverage under the Policy may be excess over other insurance covering the same loss or damage or may be limited to the Policy's share of the covered loss or damage.

104. To the extent there is other insurance available to Heights for the claims alleged against them in the Underlying Actions, coverage under the Policy, if any, may be excess to such other insurance.

WHEREFORE, West Bend respectfully requests that this Court grant the following relief in its favor:

A. Declare the Policy does not provide coverage to Defendants Heights Crematory, Inc., Clark Morgan, or Johanna Morgan for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend or indemnify Defendants Heights Crematory, Inc., Clark Morgan, or Johanna Morgan in the Underlying Actions;

B. Declare that to the extent coverage under the Policy is found to apply to Defendants Heights Crematory, Inc., Clark Morgan, or Johanna Morgan for the claims alleged in the Underlying Actions, the Policy will provide coverage only in excess of any other insurance available to the insured(s) for the claims alleged in the Underlying Actions and then only to the extent of the Policy's share of the covered loss or damage;

C. Award West Bend its costs, disbursements, and fees as permitted by law; and

D. Grant such other and further relief as the Court deems just and equitable.

Dated this 22nd day of August, 2025.

Respectfully submitted,
*Electronically signed by Jason R. Fathallah*
Jason R. Fathallah (WI 1060040)
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Phone: (414) 273-2100
Facsimile: (414) 223-5000
Email: jason.fathallah@huschblackwell.com

*Attorneys for Plaintiff*
*West Bend Insurance Company*