**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WEST BEND INSURANCE COMPANY,<br>    Plaintiff,<br><br>    v.<br><br>HEIGHTS CREMATORY, INC., CLARK<br>MORGAN, JOHANA MORGAN, DARLA<br>SMITH, ANTHONY BOBALIK, JULIE<br>JOCOBEK, BO DANIELS, CHARLOTTE<br>MARIANI, NANCY BLASKE,<br>GEORGENNA MILLER, ADAM KROGUL,<br>SHANNON GNIADEK, RONALD KEY,<br>JONATHAN KABELLA, TRACY ALLUMS,<br>IVY MCCARTER, WREN WILLIAMS,<br>KEN GRZYB, KATIE SULLIVAN,<br>COURTNEE BOCHENEK, CINDY<br>STRAUSBAUCH, KURT SUMERS,<br>CHRISTY MORRIS, BRADI O'REILLY,<br>ASHLY THALMANN, DAN SPANLEY,<br>SHYANNE ROTH, STACEY GRAVES,<br>ROBERT MIHALICH, LISA WEYHE,<br>LAUREN SORINAO, MARIE CRIST, ROSE<br>LIAPIS, THOMAS ORSINI, VICKI SWING,<br>TABITHA MATHIS, MICHELLE<br>SPARACIO, and TABITA PICCHI,<br>    Defendants. | Case No. 1:25-cv-10059 |

**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Tabitha Mathis and Tabitha Picchi, (hereinafter "Defendants") by and through their attorneys, MURPHY, CARTER, GILBRETH, & ENRIGHT, LTD., and pursuant to the Federal Rules of Civil Procedure, state as follows as their answer to complaint for declaratory judgment:

**NATURE OF ACTION**

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant

Heights Crematory, Inc. does not provide coverage to Defendants Heights Crematory, Inc., Clark Morgan, or Johanna Morgan (collectively, "Heights") for the claims asserted in any of the cases identified in Exhibit A (collectively, the "Underlying Actions") and that therefore (2) West Bend has no duty to defend or indemnify Heights against the claims asserted in the Underlying Actions. A true and accurate copy of the operative complaints in the Underlying Actions is attached hereto as Exhibit B.

**ANSWER:** Defendants admit the existence of the Complaint for Declaratory Judgment. Further answering, the Complaint for Declaratory Judgment is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Complaint for Declaratory Judgment. Further answering, Defendants admit the existence of the operative complaints. The operative complaints are the best evidence of their contents and Defendants deny any allegations of this paragraph inconsistent with the content of the operative complaints.

## PARTIES

2. West Bend is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

**ANSWER:** Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny those allegations.

3. Defendant Heights is an Illinois citizen and a corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago Heights, Cook County, Illinois.

**ANSWER:** Admit, based on information and belief.

2

4.     Defendant Clark Morgan is an Illinois citizen residing in Cook County, Illinois and one of the owners of Heights.

**ANSWER:**     Admit, based on information and belief.

5.     Defendant Johanna Morgan is an Illinois citizen residing in Cook County, Illinois and one of the owners of Heights.

**ANSWER:**     Admit, based on information and belief.

6.     Defendant Darla Smith is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

7.     Defendant Anthony Bobalik is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

8.     Defendant Julie Jacobek is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

9.     Defendant Bo Daniels is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

10.     Defendant Charlotte Mariani is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

11.     Defendant Nancy Blaske is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

12.     Defendant Georgenna Miller is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

13.     Defendant Adam Krogul is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

14.     Defendant Shannon Gniadek is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

15.     Defendant Ronald Key is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

16.     Defendant Jonathan Kabella is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

17.     Defendant Tracy Allums is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

18.     Defendant Ivy McCarter is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

__ANSWER:__     Admit, based on information and belief.

19.     Defendant Wrenn Williams is an Illinois citizen residing in Cook County, Illinois and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

20.     Defendant Ken Grzyb is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

21.     Defendant Katie Sullivan is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

22.     Defendant Courtnee Bochenek is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

23.     Defendant Cindy Strausbaugh is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

24.     Defendant Kurt Summers is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

25.     Defendant Christy Morris is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

26.     Defendant Brandi O'Reilly is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

27.     Defendant Ashly Thalmann is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

28.     Defendant Dan Spanley is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

29.     Defendant Shyanne Roth is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

30.     Defendant Stacey Graves is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

31.     Defendant Robert Mihalich is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

32.     Defendant Lisa Weyhe is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

33.     Defendant Lauren Soriano is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

34.     Defendant Marie Crist is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

35.     Defendant Rose Liapis is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

36.     Defendant Thomas Orsini is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

37.     Defendant Vicki Swing is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

38.     Defendant Tabitha Mathis is an Illinois citizen residing in Cook County, Illinois and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit.

39.     Defendant Michelle Sparacio is an Indiana citizen residing in Lake County, Indiana and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

40.     Defendant Tabitha Picchi is an Illinois citizen residing in Cook County, Illinois and is a Plaintiff in one of the Underlying Actions.

**ANSWER:**     Admit.

41.     Defendants Darla Smith, Anthony Bobalik, Julie Jacobek, Bo Daniels, Charlotte Mariani, Nancy Blaske, Georgenna Miller, Adam Krogul, Shannon Gniadek, Ronald Key,

Jonathan Kabella, Tracy Allums, Ivy McCarter, Wren Williams, Ken Grzyb, Katie Sullivan, Courtnee Bochenek, Cindy Strausbaugh, Kurt Summers, Christy Morris, Brandi O'Reilly, Ashly Thalmann, Dan Spanley, Shyanne Roth, Stacey Graves, Robert Mihalich, Lisa Weyhe, Lauren Soriano, Marie Crist, Rose Liapis, Thomas Orsini, Vicki Swing, Tabitha Mathis, Michelle Sparacio, and Tabitha Picchi are referred to collectively as the "Underlying Plaintiffs".

**ANSWER:**     Admit, based on information and belief.

## JURISDICTION AND VENUE

42.     This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**     Admit.

43.     This Court has power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

**ANSWER:**     Defendants admit that the Court has the power vested in it by 28 U.S.C. § 2201. Defendants deny that West Bend is entitled to any of the relief that West Bend seeks.

44.     Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**ANSWER:**     Admit.

## BACKGROUND

45.     The Underlying Actions allege that a family member of each of the Underlying Plaintiffs passed away between May of 2020 and February of 2025, after which each of the

Underlying Plaintiffs entered into a contract with either Crown Cremation Service, LLC ("Crown") or Castle Hill Funeral Home, LLC ("Castle Hill"), each an Indiana-based entity providing cremation services, and entrusted their family member's body to either Crown or Castle Hill.

**ANSWER:**    Defendants admit the existence of the Underlying Actions. Further answering, the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the Underlying Actions.

46.    The contract between the Underlying Plaintiffs and Crown or Castle Hill provided that the family member's body would be properly cremated within five to seven days.

**ANSWER:**    Defendants admit the existence of the contract between the Underlying Plaintiffs and Crown or Castle Hill. Further answering, contract between the Underlying Plaintiffs and Crown or Castle Hill is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the contract between the Underlying Plaintiffs and Crown or Castle Hill.

47.    Crown or Castle Hill thereafter subcontracted with Heights for the cremation of the respective Underlying Plaintiff's family member.

**ANSWER:**    Admit, based on information and belief.

48.    The Underlying Actions allege that Heights improperly stored the body in a sheet or bag with more than one hundred other bodies, inconsistent with industry standards.

**ANSWER:**    Defendants admit the existence of the Underlying Actions. Further answering, the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the Underlying Actions.

49.     The Underlying Actions further allege that the cremation of the body did not take place until outside of the contractual time period, leading the Underlying Plaintiffs to question whether they received remains belonging to their family member.

**ANSWER:**     Defendants admit the existence of the Underlying Actions. Further answering, the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the Underlying Actions.

50.     The Underlying Actions allege negligence and outrage against Heights, alleging that Heights' conduct in failing to properly, timely, and respectfully dispose of the bodies was negligent, outrageous, and in violation of Indiana and Illinois statutes and regulations.

**ANSWER:**     Defendants admit the existence of the Underlying Actions. Further answering, the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the Underlying Actions.

51.     The Underlying Actions also allege that Underlying Plaintiffs are third-party beneficiaries of the Crown/Castle Hill-Heights subcontract allegedly breached by Crown or Castle Hill and therefore demand judgment against Heights for the contractual breach.

**ANSWER:**     Defendants admit the existence of the Underlying Actions. Further answering, the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the Underlying Actions.

52.     The Underlying Plaintiffs allege that they have suffered emotional distress and trauma and demands compensatory and punitive damages against Heights.

**ANSWER:**     Defendants admit the existence of the Underlying Actions. Further answering, the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the Underlying Actions.

53.     West Bend issued Businessowners Commercial Policy No. A901126 to Heights Crematory, Inc. for consecutive policy periods beginning April 4, 2021 to April 26, 2025 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit C.

**ANSWER:**     Admit, based on information and belief.

54.     Pursuant to the Policy, Heights tendered the defense of the Underlying Actions to West Bend.

**ANSWER:**     Admit, based on information and belief.

55.     West Bend accepted the tender and is providing a defense to Heights in the Underlying Actions.

**ANSWER:**     Admit, based on information and belief.

56.     The Underlying Actions remain pending, and discovery is ongoing.

**ANSWER:**     Admit.

57.     West Bend now seeks declaratory judgment that the Policy does not provide coverage to Heights for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend or indemnify Heights against the claims asserted in the Underlying Actions.

**ANSWER:**     Defendants admit the existence of the Complaint for Declaratory Judgment. Further answering, the Complaint for Declaratory Judgment is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Complaint for Declaratory Judgment. Further answering, Defendants deny that West Bend is entitled to any of the relief that it seeks.

58.     An actual controversy has arisen and now exists concerning West Bend's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

**ANSWER:**     Admit.

## THE WEST BEND POLICY

59.     The Policy contains a Businessowners - Business Liability coverage form which provides in relevant part as follows:

### BUSINESSOWNERS COVERAGE FORM

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

\*\*\*

**B. Exclusions**
**1. Applicable to Business Liability Coverage**
This insurance does not apply to:

\*\*\*

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

\*\*\*

**j. Professional Services**
"Bodily injury", "property damage", or "personal and advertising injury" caused by the rendering or failure to render any professional service.
**k. Damage to Property**
"Property damage" to:

\*\*\*

12

(4) Personal property in the care, custody or control of the insured.

\*\*\*

**F. Liability and Medical Expenses Definitions**

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**ILLINOIS – FUNERAL DIRECTORS PROFESSIONAL LIABILITY**
This endorsement modifies insurance provided under the following:
BUSINESSOWNERS COVERAGE FORM
**Section II – Liability** is amended as follows:
A. For the insurance provided by this endorsement, all provisions under Paragraph **A.1. Business Liability** will also apply to injuries described in Paragraph **B.** below.
B. Paragraph **A. Coverages** also applies to "bodily injury", "property damage", "personal and advertising injury" or other injury arising out of the rendering of or failure to render professional services as a funeral director, but only in connection with the insured's business.
C. With respect to the coverage provided by this endorsement, Paragraph **B. Exclusions** is amended as follows:

\*\*\*

2. The following Exclusions do not apply:
a. Paragraph 1.j. Professional Services;
b. Paragraph 1.k.(4) Damage to Property to "property damage" to dead bodies, any casket, urn or other container for a dead body or its cremated remains or the personal effects of a deceased person while in the care, custody or control of the insured, unless such "property damage" is caused by theft or "hostile fire".
c. Paragraph 1.k.(6) Damage to Property;

\*\*\*

3. The following Exclusion is added:
This insurance does not apply to:
"Bodily injury", "property damage", "personal and advertising injury" or other injury arising out of a criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

\*\*\*

**F.** For the coverage provided by this endorsement, the definition of "occurrence" in Paragraph **F. Liability And Medical Expenses Definitions** is amended to include any act or omission arising out of the rendering of or failure to render professional services as a funeral director, but not acts or omissions included within the definition of "personal and advertising injury".

\*\*\*

13

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**
**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**
1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

***

**2. Exclusions**
This insurance does not apply to:

***

s. **Professional Services**
"Bodily injury" or "property damage" due to rendering of or failure to render any professional services. This includes but is not limited to:
(13) Handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

***

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the

Policy is the best evidence of its content and Defendants deny any allegations of this paragraph

inconsistent with the content of the Policy.

## FIRST CLAIM

60.    West Bend realleges and incorporates by reference Paragraphs 1-59 as if fully set

forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference their answers to

Paragraphs 1-59 as if fully set forth herein.

14

61.     The Policy's Businessowners Business Liability coverage form provides coverage only for "bodily injury" or "property damage" as defined in the Policy.

**ANSWER:**     Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

62.     The Underlying Actions allege that the Underlying Plaintiffs have suffered emotional distress and trauma.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

63.     The Underlying Actions do not allege "bodily injury" or "property damage" as those terms are defined in the Policy.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

64.     Because the Underlying Actions do not allege that the Underlying Plaintiffs have suffered "bodily injury" or "property damage" as those terms are defined by the Policy, the Businessowners Business Liability coverage form does not provide coverage to Heights for the claims alleged in the Underlying Actions.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their

content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

## SECOND CLAIM

65.     West Bend realleges and incorporates by reference Paragraphs 1-64 as if fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference their answers to Paragraphs 1-64 as if fully set forth herein.

66.     The Policy's Businessowners Business Liability coverage form provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined in the Policy.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

67.     The Underlying Actions allege that the Underlying Plaintiffs have suffered emotional distress and trauma as a result of intentional acts or inactions by Heights.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

68.     Accordingly, the Underlying Actions do not allege an "occurrence" as that term is defined in the Policy.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Defendants deny the remaining allegations of this paragraph.

69.     Because the Underlying Actions do not allege that the Underlying Plaintiffs' alleged injury has been caused by an "occurrence", as that term is defined by the Policy, the Businessowners Business Liability coverage form does not provide coverage to Heights for the claims alleged in the Underlying Actions.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

## THIRD CLAIM

70.     West Bend realleges and incorporates by reference Paragraphs 1-69 as if fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference their answers to Paragraphs 1-69 as if fully set forth herein.

71. The Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms each contain an Expected or Intended exclusion.

**ANSWER:** Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

72. This exclusion precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**ANSWER:** Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

73. The Underlying Actions allege that Heights' methods of storing bodies and cremation were inconsistent with industry standards and the contractual time period, leading Underlying Plaintiffs to question whether they received remains belonging to their respective loved one.

**ANSWER:** Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

74. Heights' actions and/or inactions could reasonably be expected to result in the Underlying Plaintiffs' alleged emotional distress and trauma.

**ANSWER:** Admit.

75.     To the extent the Underlying Plaintiffs' alleged damages were expected or intended by Heights, coverage is precluded by the Expected or Intended exclusion in the Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

## FOURTH CLAIM

76.     West Bend realleges and incorporates by reference Paragraphs 1-75 as if fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference their answers to Paragraphs 1-75 as if fully set forth herein.

77.     The Policy's Businessowners Business Liability coverage form contains a Professional Services exclusion.

**ANSWER:**     Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

78.     This exclusion precludes coverage for "bodily injury" caused by the rendering or failure to render any professional service.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

79.    The Underlying Actions allege that Heights improperly stored the bodies and failed to cremate within the contractually-required period.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

80.    Storage and cremation of bodies constitute professional services.

**ANSWER:**    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny those allegations.

81.    To the extent the Underlying Plaintiffs' alleged damages were caused by Heights' rendering or failure to render any professional service, coverage is precluded by the Policy's Businessowners Business Liability coverage form.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

**FIFTH CLAIM**

20

82.    West Bend realleges and incorporates by reference Paragraphs 1-81 as if fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference their answers to Paragraphs 1-81 as if fully set forth herein.

83.    The Policy's Commercial Liability Umbrella coverage form contains a Professional Services exclusion.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

84.    This exclusion precludes coverage for "bodily injury" caused by the rendering or failure to render any professional service, including "handling, embalming, disposal, burial, cremation, or disinterment of dead bodies".

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

85.    The Underlying Actions allege that Heights failed to handle and/or cremate the body consistent with industry standards.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

86.    Handling and/or cremation of bodies is a professional service as defined by the Policy.

**ANSWER:**    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny those allegations.

87.    Because the Underlying Actions allege that the Underlying Plaintiffs' damages were caused by the rendering or failure to render a professional service, the Commercial Liability Umbrella coverage form does not provide coverage to Heights for the claims alleged in the Underlying Actions.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

## SIXTH CLAIM

88.    West Bend realleges and incorporates by reference Paragraphs 1-87 as if fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference their answers to Paragraphs 1-87 as if fully set forth herein.

89.    The Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms each contain a Damage to Property Exclusion.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

90.     This exclusion precludes coverage for damage to personal property in the care, custody, or control of the insured.

**ANSWER:**     Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

91.     To the extent Plaintiff's alleged damages were caused by Heights' damage to personal property in the care, custody, or control of Heights, coverage for the claims in the Underlying Actions is precluded by the Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

**SEVENTH CLAIM**

92.     West Bend realleges and incorporates by reference Paragraphs 1-91 as if fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference their answers to Paragraphs 1-91 as if fully set forth herein.

93.     The Policy's Businessowners Coverage Form contains a Funeral Directors Professional Liability endorsement.

**ANSWER:** Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

94. This endorsement expands the Business Liability coverage of the Businessowners Coverage Form to include "bodily injury", "property damage", "personal and advertising injury" or other injury arising out of the rendering of or failure to render professional services as a funeral director, but only in connection with the insured's business.

**ANSWER:** Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

95. Because the Underlying Actions allege that Plaintiff's alleged damages were caused by Heights' actions other than the rendering of professional services as a funeral director, the Funeral Directors Professional Liability endorsement does not provide coverage to Heights for the claims alleged in the Underlying Actions.

**ANSWER:** Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

## EIGHTH CLAIM

96.    West Bend realleges and incorporates by reference Paragraphs 1-95 as if fully set forth herein.

**ANSWER:**    Defendants reassert and incorporate by reference their answers to Paragraphs 1-95 as if fully set forth herein.

97.    The Policy's Funeral Directors Professional Liability endorsement contains a Criminal Acts exclusion.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

98.    This exclusion precludes coverage for "bodily injury" and "property damage" arising out of a criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

99.    The Underlying Actions allege that Heights failed to comply with industry standards, and that Heights has since been closed by State of Illinois investigators.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions.

100.     To the extent Plaintiff's alleged damages arise from a criminal act by Heights, the Criminal Acts exclusion precludes coverage under Funeral Directors Professional Liability endorsement to Heights for the claims alleged in the Underlying Actions.

**ANSWER:**     Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

**NINTH CLAIM**

101.     West Bend realleges and incorporates by reference Paragraphs 1-100 as if fully set forth herein.

**ANSWER:**     Defendants reassert and incorporate by reference their answers to Paragraphs 1-100 as if fully set forth herein.

102.     The Policy's Businessowners Business Liability and Commercial Liability Umbrella coverage forms each contain an Other Insurance condition.

**ANSWER:**     Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

103.     This condition provides that any insurance coverage under the Policy may be excess over other insurance covering the same loss or damage or may be limited to the Policy's share of the covered loss or damage.

**ANSWER:**    Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations of this paragraph inconsistent with the content of the Policy.

104.    To the extent there is other insurance available to Heights for the claims alleged against them in the Underlying Actions, coverage under the Policy, if any, may be excess to such other insurance.

**ANSWER:**    Defendants admit the existence of the allegations of the Underlying Actions. Further answering, the allegations of the Underlying Actions are the best evidence of their content and Defendants deny any allegations of this paragraph inconsistent with the content of the allegations of the Underlying Actions. Defendants admit the existence of the Policy. Further answering, the Policy is the best evidence of its content and Defendants deny any allegations inconsistent with the content of the Policy. Further answering, Defendants deny the remaining allegations of this paragraph.

Respectfully submitted,

MURPHY, CARTER, GILBRETH, & ENRIGHT, LTD.

*/s/ Karen Enright*
Karen Enright
150 N Wacker Drive, Suite 3050
Chicago, IL 60606

***Attorney for the Plaintiff***

## CERTFICATE OF SERVICE

I hereby certify that on the 19th day of November 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Karen Enright_
Karen Enright
