**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **West Bend Insurance Company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 10059** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Jorge L. Alonso** |
| **Heights Crematory, Inc., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Indiana Defendants' motion for judgment on the pleadings [37] is denied.

## STATEMENT

In this liability insurance coverage case, Plaintiff, West Bend Insurance Company ("West Bend"), seeks a declaration that it owes no duty to defend or indemnify under a policy issued to Defendant, Heights Crematory, Inc. ("Heights"). Located in Chicago Heights, Illinois, Heights is owned by Defendants Clark Morgan and Johanna Morgan. The other thirty-five defendants ("the Indiana Defendants") are individuals who have sued Heights for improperly storing their decedents' bodies, after two Indiana-based companies, Crown Cremation Service, LLC, and Castle Hill Funeral Home, LLC, subcontracted with Heights for cremation services. The Indiana Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the following reasons, the motion is denied.

### I. Background

West Bend issued Businessowners Commercial Policy No. A901126 to Heights for consecutive policy periods, beginning April 4, 2021, to April 26, 2025. The policy contains a

primary Businessowners Coverage Form, a Funeral Directors Professional Liability endorsement, and a Commercial Liability Umbrella Coverage Form. The key provisions of the policy are as follows:

**BUSINESSOWNERS COVERAGE FORM**

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

***

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

***

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

***

**j. Professional Services**

"Bodily injury", "property damage", or "personal and advertising injury" caused by the rendering or failure to render any professional service.

**k. Damage to Property**

"Property damage" to:

***

(4) Personal property in the care, custody or control of the insured.

***

**F. Liability and Medical Expenses Definitions**

***

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**ILLINOIS – FUNERAL DIRECTORS PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**Section II – Liability** is amended as follows:

A. For the insurance provided by this endorsement, all provisions under Paragraph **A.1. Business Liability** will also apply to injuries described in Paragraph **B.** below.

B. Paragraph **A. Coverages** also applies to "bodily injury", "property damage", "personal and advertising injury" or other injury arising out of the rendering of or failure to render professional services as a funeral director, but only in connection with the insured's business.

C. With respect to the coverage provided by this endorsement,

Paragraph **B. Exclusions** is amended as follows:

***

2. The following Exclusions do not apply:

   a. Paragraph 1.j. Professional Services;
   b. Paragraph 1.k.(4) Damage to Property to "property damage" to dead bodies, any casket, urn or other container for a dead body or its cremated remains or the personal effects of a deceased person while in the care,

custody or control of the insured, unless such "property damage" is caused by theft or "hostile fire".

c. Paragraph 1.k.(6) Damage to Property;

***

3. The following Exclusion is added:

This insurance does not apply to:

"Bodily injury", "property damage", "personal and advertising injury" or other injury arising out of a criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

***

**F.** For the coverage provided by this endorsement, the definition of "occurrence" in Paragraph **F. Liability And Medical Expenses Definitions** is amended to include any act or omission arising out of the rendering of or failure to render professional services as a funeral director, but not acts or omissions included within the definition of "personal and advertising injury".

***

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve

this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

***

**2. Exclusions**

This insurance does not apply to:

***

s. **Professional Services**
"Bodily injury" or "property damage" due to rendering of or failure to render any professional services. This includes but is not limited to:

***

(13) Handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

***

(Compl. ¶ 59, Dkt. No. 1; *see* Compl., Ex. C, Dkt. No. 1-5.)

When the Indiana Defendants filed their lawsuits, Heights tendered its defense to West Bend. West Bend accepted the tender and is defending the lawsuits under a reservation of rights while this coverage litigation is pending.

## II. Discussion

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings, which consist of the "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588,

595 (7th Cir. 2017). In determining whether to grant a Rule 12(c) motion, the Court is "confined to the matters presented in the pleadings," which the Court must consider in the light most favorable to the non-moving party. *Id.*

Overcoming a Rule 12(c) motion requires the non-moving party to demonstrate that there is "at least one potential issue of fact that forecloses judgment as a matter of law at this stage." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 316 (7th Cir. 2020). The Indiana Defendants appear to concede that there is at least one such issue. West Bend contends, among other things, that there is no coverage based on the "criminal act" exclusion in the Funeral Directors Professional Liability endorsement. (Compl. ¶¶ 96-100, Dkt. No. 1; Pl.'s Resp. in Opp'n at 13-14, Dkt. No. 43.) In their reply brief, the Indiana Defendants acknowledge as much, admitting that West Bend is "correct" to argue that "it is possible that Heights committed a criminal act that gave rise to the Indiana defendants' injuries and it is premature to make this determination."[1] (Reply Br. at 11, Dkt. No. 46.)

The parties raise other issues, but it is unclear if anything more is needed to resolve the motion for judgment on the pleadings. "Where a plaintiff states a plausible claim for relief under one discernable legal theory, 'we start and end there.'" *Signal Funding, LLC v. Sugar Felsenthal*

[1] Although the Indiana Defendants acknowledge the position West Bend took on this point in its response brief, they also argue that West Bend's position is inconsistent with the complaint, where West Bend alleges that the "criminal acts" exclusion in the Funeral Directors Professional Liability "precludes coverage for 'bodily injury' and 'property damage,'" without explicitly alleging that the exclusion also precludes coverage for "other injury" arising out of the rendering of professional services as a funeral director. (*See* Compl. ¶ 98.) The Court does not agree that there is any meaningful inconsistency here. To whatever extent there is any inconsistency at all, it imposes no limitation on any argument West Bend might make about the policy language, which speaks for itself. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document."); *N. Indiana Gun*, 163 F.3d at 454 ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

*Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025) (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021)). The Seventh Circuit has explained that "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims," *BBL, Inc. v. City of Angola*, 809 F.3d 317, 324-25 (7th Cir. 2015), and "[t]he only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated*, 983 F.3d at 313. Depending on how the evidence comes in, West Bend appears to have at least one potential pathway to obtaining the declaration of no coverage that it seeks, at least as to primary coverage.

The Indiana Defendants do not appear to contend that the umbrella policy might provide drop-down primary coverage; in their motion for judgment on the pleadings, they introduce the umbrella policy only with reference to its coverage "in excess of the 'retained limit,'" *i.e.*, in excess of "the available limits of underlying insurance." (Mot. for J. on the Pleadings at 3, Dkt. No. 37.) But even if the umbrella policy does provide drop-down primary coverage, it is at least plausible, as West Bend argues, that the umbrella policy's professional services exclusion applies. That exclusion precludes coverage for any "'Bodily injury' or 'property damage' due to rendering of or failure to render any professional services," including "[*h*]*andling*, embalming, disposal, burial, cremation or disinterment of dead bodies." (Compl. ¶ 59 (emphasis added).) The Indiana Defendants argue that their claims arise out of improper *storage* of their decedents' bodies, not "handling." But "handling" is a broad term with many meanings, one of which is to "control or manage commercially."[2] It is at least plausible that the Indiana Defendants' storage-based claims can be fairly characterized as arising out of Heights's "handling" of their decedents' remains. Further factual development is necessary to determine whether the alleged misconduct in this case fits a recognized definition of the term.

[2] https://premium.oxforddictionaries.com/definition/american_english/handle.

For the foregoing reasons, judgment on the pleadings is not appropriate, and the Indiana Defendants' motion is denied.

**SO ORDERED.**

**ENTERED: October 19, 2026**



**JORGE L. ALONSO**
**United States District Judge**